IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND TOWLER, | ) | CASE NO.: 10-CV-1939 |
| | ) | |
| Plaintiff | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| -v- | ) | **MOTION OF DEFENDANT** |
| | ) | **CLEVELAND METROPOLITAN** |
| RICHARD DeCHANT, *et al,* | ) | **PARK DISTRICT TO DISMISS** |
| | ) | **PLAINTIFF'S PUNITIVE DAMAGES** |
| Defendants. | ) | **CLAIMS AS TO IT PURSUANT TO** |
| | ) | **FED. R. CIV. PROC. 12(b)(6) AND** |
| | ) | **12(c)** |

Now comes the defendant, Cleveland Metroparks by and through its counsel to file this Motion to Dismiss pursuant to Fed. R. of Civ. Proc. 12(b) and 12(c) as to plaintiff's punitive damages claim against it.

As the court will note, punitive damages are not recoverable against a political subdivision pursuant to both state and federal case law and statutes.

For the above reasons, and those more fully set forth in its Brief, defendant Cleveland Metroparks requests this Honorable Court to grant its Motion to Dismiss Plaintiff's Claim for Punitive Damages Against it.

    Respectfully submitted,

    /s/Hilary S. Taylor
    **HILARY S. TAYLOR (0017496)**
    HTaylor@westonhurd.com

**TIMOTHY R. OBRINGER (0055999)**
TObringer@westonhurd.com
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH 44114-1862
(216) 241-6602
(216) 621-8369 (fax)

*Counsel for Defendant The Board of Commissioners of the Cleveland Metropolitan Park District (Cleveland Metroparks)*

## BRIEF

I. **STATEMENT OF FACTS**

Plaintiff in the First Amended Complaint makes claim for punitive damages against Defendant Cleveland Metroparks. This claim is utterly without merit, as punitive damages are not recoverable against a political subdivision under state or federal law. The case precedence is of such long-standing that an assertion of a claim for punitive damages against the Cleveland Metroparks is substantially without merit.

The Cleveland Metroparks is a "Park District" pursuant to Chapter 1545 of the Ohio Revised Code. The Metroparks is a creation of that statute (*Id.*). As such, the Metroparks is able to acquire property (§1545.11) create a law enforcement department complete with police officers (§1545.13) and levy taxes (§1545.20).[1]

The Cleveland Metroparks was created to carry out the governmental function of providing police protection for the Metroparks (§2744.01(C)(1)(2)(a)); (e) concerning roadways; (i) law enforcement; (j) regulation of traffic; (u)(i)(iii), (iv), (v), (vi) the operation of a park and zoological park.

---

[1] The basis of plaintiff's claim of Federal court subject matter jurisdiction is 42 Section 1983. This requires "state action".

3

**II.     LAW AND ARGUMENT**

   **A.     The Federal Claims For Punitive Damages Fail.**

The seminal case involving punitive damages against a political subdivision comes from this very same Sixth Circuit and involved the City of Newport, Kentucky. The United States Supreme Court held in *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247 (1981) that punitive damages are not available against a political subdivision in actions brought until Title 42 Section 1983 of the United States Code. As the Court held:

> By the time Congress enacted what is now §1983, the immunity of a municipal corporation from punitive damages at common law was not open to serious question. It was generally understood by 1871 that a municipality, like a private corporation, was to be treated as a natural person subject to sue for a wide range of tortious activity, but this understanding did not extend to the award of punitive or exemplary damages. Indeed, the courts that have considered the issue prior to 1871 were virtually unanimous in denying such damages against a municipal corporation. [Citations omitted] 453 U.S. 274, 260.

This immunity would extend to any Board or individuals named in their official capacity. See *Kimbro v. Bellaire Local Schools* 2009 U.S. District Court LEXIS 23835.

   **B.     The Claims Under State Law For Punitive Damages Are Likewise Barred.**

The remaining state law claims against the Cleveland Metroparks are barred by Ohio Statutory and Case Law.

Ohio Revised Code §2744.05(A) expressly disallows an award of punitive damages against a political subdivision. To allow these claims to remain as to the Cleveland Metroparks would go directly against an unambiguous statutory section. This section holds:

(A) Punitive or exemplary damages <u>shall</u> not be awarded. (Emphasis added)

Case law preceded this statutory enactment. In *Ranells v. City of Cleveland* 41 Ohio St. 2nd 1 (1975), the Ohio Supreme Court held that the imposition of punitive damages against a political subdivision would defy the logic upon the framework of which a legal system must be

4

based. (*Id.*, at 7). After *Ranells*, the Ohio Supreme Court next visited this issue in *Spires v. City of Lancaster* 28 Ohio St. 3d 76 (1986). There the Supreme Court reversed the judgment of an appellate court which upheld an award of punitive damages against a city.

### III. <u>CONCLUSION</u>

The only possible conclusion from *City of Newport* and *Ranells* and their progeny, is that both Supreme Courts (United States and Ohio) have specifically stated that punitive damages simply cannot be awarded against a political subdivision. Plaintiff in his *ad damnum* clause specifically prays for punitive damages against the Cleveland Metroparks.

Therefore, defendant states that pursuant to Rule 12(b)(6) and (c) that based upon these pleadings that the defendant is not liable for said damages as a matter of law.

Respectfully submitted,

/s/Hilary S. Taylor
**HILARY S. TAYLOR (0017496)**
HTaylor@westonhurd.com
**TIMOTHY R. OBRINGER (0055999)**
TObringer@westonhurd.com
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH 44114-1862
(216) 241-6602
(216) 621-8369 (fax)

*Counsel for Defendant The Board of Commissioners of the Cleveland Metropolitan Park District (Cleveland Metroparks)*

5

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 7, 2011, the foregoing *Motion of Defendant Cleveland Metropolitan to Dismiss Plaintiff's Punitive Damages Claims As To It Pursuant To Fed. R. of Civ. Proc. 12(b)(6) and 12(c)* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

    /s/Hilary S. Taylor
**HILARY S. TAYLOR (0017496)**
HTaylor@westonhurd.com

*Counsel for Defendant The Board of Commissioners of the Cleveland Metropolitan Park District (Cleveland Metroparks)*